IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | INDICTMENT |
| Plaintiff, | CRIMINAL NO. 10-338(PG) |
| v. | |
| [1] LUIS ANTONIO CASTILLO-SOTO, [COUNTS ONE AND TWO] | Violations: |
| | (COUNT ONE) - Conspiracy to possess with intent to distribute a controlled substance |
| [2] OMAR RUZ-FRANCO, [COUNTS ONE AND TWO] | Title 21, United States Code, Sections 846 and 841(a)(1) |
| [3] CARLOS RIVERA-VIZCARRONDO, [COUNTS ONE AND TWO] | (COUNT TWO) - Attempt to possess with intent to distribute cocaine |
| [4] JONATHAN RUZ-FRANCO, [COUNTS ONE AND TWO] | Title 21, United States Code, Sections 846 and 841(a)(1) |
| [5] LUIS SANCHEZ-COLON, [COUNTS ONE AND TWO] | FORFEITURE: |
| and | Title 21, United States Code, Section 853 |
| [6] VICTOR GERALDO SANTIAGO-ORTIZ, [COUNTS ONE AND TWO] | (TWO COUNTS) |
| Defendants. | |

## PRELIMINARY ORDER OF FORFEITURE

Upon motion of the United States of America for entry of a preliminary order of forfeiture made pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure (hereinafter referred to as the "Federal Rules"), and having reviewed the motion, the applicable law, the court record, and being otherwise fully advised in the premises of this cause, the Court finds as follows:

1. On September 16, 2010, a federal grand jury returned a two (2)-count true bill of indictment (Doc. No. 50) (hereinafter the "Indictment") charging the Defendants, **LUIS ANTONIO CASTILLO-SOTO** (hereinafter "Defendant Castillo-Soto"), **OMAR RUZ-FRANCO** (hereinafter "Defendant O. Ruz-Franco"), **CARLOS RIVERA-VIZCARRONDO** (hereinafter "Defendant Rivera-Vizcarrando"), **JONATHAN RUZ-FRANCO** (hereinafter "Defendant J. Ruz-Franco"), **LUIS SANCHEZ-COLON** (hereinafter "Defendant Sanchez-Colon"), and **VICTOR GERALDO SANTIAGO-ORTIZ** (hereinafter "defendant Santiago-Ortiz")(collectively referred to hereinafter as the "Defendants"), with violations of Title 21, United States Code, Sections 846.

2. The Indictment further alleges that upon conviction of a violation of Title 21, United States Code, Section 846, as alleged in the Indictment, the Defendants shall forfeit all of their respective right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to Title 21, United States Code, Section 853. The Indictment provides specific notice of the United States' intent to forfeit all right, title and interest in $600,760 in United States currency seized on August 16, 2011 (hereinafter the "currency") pursuant to Title 21, United States Code, Section 853.

3. On January 4, 2011, the United States filed its First Bill of Particulars as to Criminal Forfeiture (Doc. No. 101), thereby providing specific notice of its intent to forfeit all right, title and interest in one (1) 2005 Suzuki Aerio (VIN: JS2RA62S255250037)(hereinafter the "Suzuki"), to which Defendant J. Ruz-Franco holds legal title, pursuant to Title 21, United States Code, Section 853.

4.      On February 16, 2011, Defendant O. Ruz-Franco, Defendant Rivera-Vizcarrando, Defendant Santiago-Ortiz, Defendant Sanchez-Colon, and Defendant J. Ruz-Franco all pleaded guilty to Count 1 of the Indictment and entered into separate plea agreements with the United States (Doc. Nos. 120, 122, 124, 126, and 128, respectively) in which each defendant agreed, *inter alia*, to forfeit all of their respective right, title, and interest in the currency as it is subject to forfeiture pursuant to Title 21, United States Code, Section 853. Additionally, Defendant J. Ruz-Franco also agreed to forfeit all of his right, title and interest in the Suzuki as it is also subject to forfeiture pursuant to Title 21, United States Code, Section 853.

5.      On February 25, 2011, Defendant Castillo-Soto pleaded guilty to Count 1 of the Indictment and entered into plea agreements with the United States (Doc. No. 131) in which he agreed, *inter alia*, to forfeit all of his right, title, and interest in the currency as it is subject to forfeiture pursuant to Title 21, United States Code, Section 853.

6.      Therefore, the United States has established the requisite nexus between the currency, the Suzuki, and the violation to which each of the Defendants has pleaded, and has been found, guilty in accordance with Rule 32.2(b)(1)(A) of the Federal Rules.

WHEREFORE, upon motion of the United States, and for good cause shown thereby, the following is hereby **ORDERED, ADJUDGED AND DECREED**:

7. The United States' Motion for Preliminary Order of Forfeiture is **GRANTED**.

8. All of the Defendants' respective right, title, and interest in the following property is forfeited to the United States pursuant to Title 21, United States Code, Section 853(a)(1)-(2):

   (a) $600,760 in United States currency seized on August 16, 2011; and

   (b) One (1) 2005 Suzuki Aerio (VIN: JS2RA62S255250037).

9. The United States Marshals Service, or any duly authorized law enforcement agency shall, as soon as practicable, seize the property ordered forfeited herein pursuant to Title 21, United States Code, Section 853(g);

10. The United States shall publish notice of this order in accordance with Title 21, United States Code, Section 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules;

11. The United States shall send notice of this Order to any person or entity who reasonably appears to be a potential claimant with standing to contest the forfeiture ordered herein in an ancillary proceeding in accordance with Rule 32.2(b)(6)(D) of the Federal Rules, in addition to the published notice.

12. Pursuant to Rule 32.2(b)(4)(A)-(B) of the Federal Rules, this Order shall become final as to the Defendant's right, title, and interest in the property ordered forfeited herein at the time of his sentence and shall be made a part of the Defendant's sentence and included in the Court's judgment and commitment order in this cause; and

13.     The United States is further authorized, pursuant to Title 21, United States Code, Section 853(m) and Rule 32.2(c)(1)(B) of the Federal Rules, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein, or in order to expedite an ancillary proceeding related to any third party petition claiming an interest in such property.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture in which all interests will be addressed. If no claims are filed within thirty (30) days of the final publication of notice or the receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules, this order shall be become a final order of forfeiture and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property ordered forfeited herein in accordance with applicable law and rules.

**DONE AND ORDERED** this 29th day of March, 2011, in San Juan, Puerto Rico.

_____
JUAN M. PEREZ-GIMENEZ
UNITED STATES DISTRICT JUDGE

cc:     AUSA Yvonne Rodriguez-Schack (3 certified copies)